**HENG HUI WU, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–4565–ag.**

United States Court of Appeals, Second Circuit.

March 6, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Thomas V. Massucci, New York, New York, for Petitioner.

Paula D. Silsby, United States Attorney for the District of Maine, William J. Schneider, Assistant United States Attorney, Portland, Maine, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Heng Hui Wu, a citizen of China, seeks review of a February 25, 2003 order of the BIA summarily affirming immigration judge ("IJ") Annette Elstein's November 10, 1999 decision denying Wu's applications for asylum and withholding of removal. *In re Heng Hui Wu*, No. A73 595 031 (B.I.A. Feb. 25, 2003), *aff'g* A73 595 031 (Immigr. Ct. New York City Nov. 10, 1999). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005).

A. Adverse Credibility Determination

■ This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). First, the IJ was troubled by Wu's demeanor, noting that when discussing the family planning aspects of his claim, "he spoke in peculiar, incomplete bursts," which made his testimony "frequently incoherent." This Court gives particular deference to credibility de-

terminations that are based, like this one, on the adjudicator's observation of the applicant's demeanor. *See Zhou Yun Zhang,* 386 F.3d at 73. In *Zhou Yun Zhang,* this Court explained that a fact-finder who assesses testimony together with demeanor is in the best position to discern whether the witness is truthful. *Id.* As such, this is an appropriate basis for the IJ's adverse credibility finding.

The IJ noted that Wu's testimony during cross examination regarding his ability to attend school after his father's departure from China conflicted with information he had given during direct examination and in his written statement supporting his application. Inconsistencies and other discrepancies in the evidence are often sufficient to support an adverse credibility determination, but they need not be fatal if they are minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *See Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000) (characterizing as minor and isolated an applicant's inconsistencies over his place of birth and residence, the date of his arrest, and the amount of time he spent in prison and in a refugee camp). To form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003). At the same time, however, "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder." *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) (internal citations omitted). Here, because Wu's school attendance and attempt to register are important points of his relatively simple story, the IJ was reasonable in determining that his inconsistent testimony on these points undermined his credibility. *See id.*

Finally, the IJ determined that Wu's failure to present corroborating testimony or documentary evidence from his parents was detrimental to his credibility. An applicant's failure to corroborate his or her testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006) (presenting the latter situation). In addition, an IJ need not first identify the particular pieces of missing, relevant evidence, and show that this evidence was reasonably available to the applicant before relying on a lack of corroboration to support an adverse credibility finding. *See id.* at 341 (holding that these steps are not required when the applicant is not otherwise credible); *cf. Diallo,* 232 F.3d at 289–90 (holding that an IJ must follow such steps before denying a claim based solely on insufficient corroboration, as opposed to adverse credibility). However, an IJ may not base an adverse credibility finding on the absence of corroborating evidence that was not reasonably available to the applicant. *See Li Zu Guan v. INS,* 453 F.3d 129, 141 (2d Cir.2006) (holding that it was not reasonable to expect contemporaneous documentation of an applicant's child's birth, when the applicant and his wife purportedly took great pains to conceal that birth). Because Wu's testimony was not otherwise credible due to his "peculiar" demeanor and his testimonial inconsistencies, and because there is no indication in the record that Wu would have been unable to obtain documentation from his parents, the IJ was reasonable in

determining that the lack of corroborating evidence further undermined his credibility. *See Xiao Ji Chen,* 471 F.3d at 341.

The IJ's adverse credibility finding was thus supported by substantial evidence in the record. Because the only evidence of a threat to Wu's life or freedom depended upon the petitioner's credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

**B. Failure to Establish Nexus to a Protected Ground**

Because the IJ's adverse credibility determination is supported by substantial evidence in the record, a review of her finding that Wu failed to establish that he would be harmed on account of a protected ground is unnecessary.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).